The Old Wayne Mutual Life Association v. Nordby.

No. 13,917.

THE OLD WAYNE MUTUAL LIFE ASSOCIATION v. NORDBY.

BENEFIT SOCIETY.—*Certificate.—Membership.—Senior Department.—Finding.*
—Where the certificate of membership of a benefit society is absolute
on its face, no separate departments of the society being recognized
therein, a finding that the deceased, who on the discontinuance of an-
other society of like character had become a member of the defendant
association, and been enrolled in the senior division, the arrangement
into divisions being for the purpose of grading benefits and not for reg-
ulating the manner of assessment, was not a member of the so-called
"senior department" of such association, composed of persons over
seventy-five years of age, and that the beneficiary was not limited to an
assessment of the members of that department, will not be disturbed.

From the Marion Superior Court.

*P. W. Bartholomew*, for appellant.

*G. W. Woods*, for appellee.

BERKSHIRE, J.—This was an action brought upon a cer-
tificate of membership issued by the appellant for the benefit
of the appellee.

The substance of the complaint, in short, is, that, on the
13th day of March, 1884, the appellant issued to one Israel
Franklin, for the benefit of the appellee, a certain certificate
of membership upon a consideration and certain condition
therein named and stated in the complaint, whereby the ap-
pellant bound itself to pay to the appellee within sixty days
after presentation of satisfactory proof of the death of said
Israel Franklin, her proportionate share of the mortuary
fund, not to exceed the sum of $3,000; that the said Israel
Franklin died on the 7th day of February, 1885, and that
all of the conditions of the said contract have been complied
with on the part of the said Israel Franklin and the appellee,
including proof of his death by the appellee for more than
sixty days before the bringing of the action.

The appellant answered the complaint by a general denial and a paragraph by way of confession and avoidance.

The substance of the second paragraph, briefly stated, is, that the appellee had no corporate stock and no reserve fund; that all of its death losses were, at the time the certificate sued on was issued, and since, paid by assessments upon the surviving members; that when one or more members died, in good standing, during one month, for all deaths during that month the survivors were assessed and the amount realized divided *pro rata* between the beneficiaries in the proportion that each certificate bore to the total sum of all certificates becoming claims during that month ; that at the time the said Israel Franklin became a member of said appellant association, he did so under the following circumstances, viz. :

The appellant had had theretofore but one department, to which all members belonged, and received no members over the age of seventy-five years ; that the Eureka Life Association, of Indianapolis, Indiana, quit business, and recommended that its members over seventy-five years of age join the appellant association ; that in order to receive them, the appellant, by an amendment to its by-laws, created what was known as a "senior department," separate and distinct from the one containing members under seventy-five years of age, and in order to obtain the members of the said Eureka Association over seventy-five years of age, the appellant had printed a circular, which was a copy of its by-laws creating said "senior department," in which it was stated that said "senior department" would be independent, and have no connection with the other department of the appellant association, and when a member of that department died the assessments of members would be confined to the said senior department exclusively, and that no assessment would be made on any member under seventy-five years of age at the time of joining said association, and said circular was mailed to the said Israel Franklin, who received the same, and upon

the representations and statements therein contained became a member of said senior department of the appellant association, and received said certificate; that the said Israel Franklin died in February, 1885; that during that month there were two other deaths of members belonging to that department; that in March, 1885, an assessment was made of the members belonging to said department, and the sum of $153 realized thereon for the mortuary fund, of which sum the one-third thereof, equal to $51, was due to the appellee, together with $2.40 return assessment, according to the terms of said certificate, in all $53.40, which sum was tendered to the appellee before instituting this suit, and is now brought into court for her benefit.

To this answer the appellee demurred, which demurrer the court overruled, after which the appellee filed a reply in denial.

The issues joined, having been submitted to the court, after hearing the evidence, a finding was made for the appellee in the sum of $130.87.

The appellant filed a motion for a new trial, which the court overruled, and it reserved an exception; thereupon the court rendered judgment for the appellee in accordance with its finding. From the judgment rendered at special term an appeal was taken to general term, and the judgment at special term affirmed.

The only error assigned is, that the court erred in overruling the motion for a new trial.

On the trial there were several questions propounded by the appellee to several different witnesses, to which the appellant objected, and the objections being overruled, it reserved proper exceptions, which appear properly as reasons in the motion for a new trial. But after all, there is but one principal question presented, and counsel seem to have realized as much, and confine their argument to that one question, which is, whether or not the deceased was, as is alleged in the answer, a member of the so-called "senior depart-

ment " of the appellant corporation with other persons, and his beneficiary limited to an assessment of the members of that department in satisfaction of her claim against the appellee. The appellee having denied the answer, the burden was upon the appellant to establish its defence.

The certificate which was issued, of itself will not support the appellant's position. No separate departments are named or recognized in the certificate. It shows that Israel Franklin is accepted as a member of the association, and so far as it discloses, his beneficiary is entitled to the same consideration in the distribution of the mortuary fund with other beneficiaries.

Israel Franklin was put down as a member of the senior division, it appearing that there are five divisions; this, however, was not for the purpose of grading the benefits to be received out of the mortuary fund, but to regulate the manner and mode of assessing the members. These divisions classed them according to age, it being right and proper that the older members should be assessed more frequently or more heavily than the younger members; the expectation of life being greater with the younger than the older members. And again, there is but one mortuary fund named from which benefits are to be paid.

The appellant made an effort to prove that it had adopted a by-law creating the alleged " senior department," and that the deceased became a member of the association and accepted his certificate subject to this by-law, and as a member of the said senior department.

This was a question of fact for the court to determine, and the court having found against the appellant we can not disturb the finding if there is evidence to support it.

Leaving out of the question the improbability that the old members of the Eureka Association, those over seventy-five years of age would become members of the appellant association which had no members that would be subject to as-

sessment in the said "senior department," and with no other prospect for a mortuary fund than what could be raised by assessing the survivors as one by one their members would die, and at the same time assume the burdens, which they did, financially by becoming members of the appellant association, we are satisfied from the evidence that the trial court reached a conclusion eminently right and just.

The case having been decided upon a question of fact purely, the case of *Supreme Lodge, etc.*, v. *Knight*, 117 Ind. 489, is not in point.

There is no error found in the record.

Judgment affirmed, with ten per cent. damages, and costs.

Filed March 12, 1890.